## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Andrew Quinn,<br><br>             Plaintiff,<br><br>v.<br><br>Department of Justice, Civil Rights Division; Justice Department Office of Civil Rights; Minneapolis Police Department; St. Paul Police Department; Ramsey County Sheriff's Office; Ramsey County Government; Catholic Charities; Verizon Wireless; St. Paul Public Library; Department of Human Services State of Minnesota; and Metro Transit Police Department,<br><br>             Defendants. | Case No. 20-cv-0563 (ECT/ECW)<br><br><br>**REPORT AND RECOMMENDATION** |

Plaintiff Andrew Quinn did not pay the filing fee for this matter, instead applying for *in forma pauperis* ("IFP") status. (*See* Dkt. 2.) That IFP application is now before the Court and must be considered before any other action may be taken in this matter.

After review, this Court concludes that Quinn qualifies financially for IFP status. That said, an IFP application will be denied, and an action will be dismissed, when an IFP applicant has filed a complaint that fails to state a cause of action on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam); *Carter v. Schafer*, 273 Fed. Appx. 581, 582 (8th Cir. 2008) (per curiam) ("[C]ontrary to plaintiffs' arguments on appeal, the provisions of 28 U.S.C.

1

§ 1915(e) apply to all persons proceeding IFP and are not limited to prisoner suits, and the provisions allow dismissal without service."). In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id*. At 570. In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

Quinn's amended complaint — technically the operative pleading in this matter, *see* Fed. R. Civ. P. 15(a)(1) — includes almost no factual allegations whatsoever. (*See generally* Dkt. 3.) According to Quinn, "they," (*id*. ¶ 6) — he does not allege which of the many defendants to this action — harassed him and showed an "inappropriate video" at his place of employment (*id.*). These vague allegations are far from sufficient to put any of the defendants on notice of the specific claims being raised against them in these proceedings.

Quinn's initial complaint is somewhat more detailed.[1] In that pleading, Quinn alleges that the Minneapolis Police Department placed a camera in his bedroom; that the U.S. Department of Justice showed an "inappropriate video" at his place of employment, (Dkt. 1 ¶ 8); that he was unlawfully denied housing by Ramsey County; and that undercover law-enforcement officials of the Ramsey County Sheriff's Office harassed him while he was living a homeless shelter (*see id.* ¶¶ 7-12). Again, though, while Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," none of Quinn's broad allegations are sufficient to raise a *plausible* claim for relief against any of the defendants. Simply put, Quinn's allegations are too vague and too little detailed to "raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (2007).

Accordingly, this Court recommends that this matter be dismissed. That said, this Court also recommends that the dismissal be effected *without* prejudice, so that Quinn may return to federal court and replead his claims for relief in greater detail when he is prepared to do so.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS RECOMMENDED THAT**:

---

[1]  Quinn has also included a letter addressed to the Office of the Inspector General and dated September 23, 2019, which this Court has interpreted as included within the pleading. (*See* Dkt. 1-1.)

1. This matter be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)

2. The application to proceed *in forma pauperis* of plaintiff Andrew Quinn (Dkt. 2) be **DENIED**.

Dated: March 18, 2020             *s/Elizabeth Cowan Wright*
                                  ELIZABETH COWAN WRIGHT
                                  United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).